# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **ROSILYN MERCER MILLS,** §<br>*Plaintiff* §<br>§<br>**v.** §<br>§<br>**SELECT PORTFOLIO SERVICING,** §<br>**INC.,** §<br>*Defendant* § | Case No. A-19-CV-00359-LY-SH |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL**
**UNITED STATES DISTRICT JUDGE**

Before this Court is Defendant's Motion for Judgment on the Pleadings filed July 11, 2019 (Dkt. No. 9). Plaintiff did not file a Response. On July 18, 2019, the District Court referred the above motion to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72 and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

## I. BACKGROUND

On March 4, 2019, Rosilyn Mercer Mills ("Plaintiff") filed "Plaintiff's Original Petition and Application for Temporary Restraining Order and Temporary Injunction" against Select Portfolio Servicing, Inc. ("Defendant"), a mortgage loan servicer, in the 200th Judicial District Court of Travis County, Texas. *See Mills v. Select Portfolio Servicing, Inc.*, D-1-GN-19-001092 (200th Dist. Ct. Travis County, Tex. Mar. 4, 2019). Plaintiff's lawsuit seeks a temporary injunction to stop the foreclosure sale of her property located at 8308 Bridgetown Drive, Austin, Texas 78753 ("Property"). Plaintiff also asserts a claim for negligent misrepresentation, alleging that Defendant's representatives made misrepresentations concerning the loan modification process

and the ability to receive a modification of her debt. Plaintiff also seeks damages in the form of monetary relief and attorney's fees.

On March 27, 2019, Defendant removed this lawsuit to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441. On July 11, 2019, Defendant filed the instant Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c), arguing that (1) Plaintiff's single claim of negligent misrepresentation fails as a matter of law, and (2) the case is moot because subject lien on the Property has been released and therefore there is no longer an active controversy between the parties.

## II. LEGAL STANDARD

"The standard for Rule 12(c) motions for judgment on the pleadings is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim." *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the

2

grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## III. ANALYSIS

As noted above, Plaintiff has failed to respond to Defendant's Rule 12(c) Motion. Pursuant to Local Rule CV-7(e), if there is no response filed within the time period prescribed by the rules, the court may grant the motion as unopposed. *See* Local Court Rule CV-7(e)(2) (responses to dispositive motions due within 14 days of motion's filing). However, the Court will address the merits of the Motion because dismissing a case other than on the merits of the claims is disfavored.

Plaintiff's lawsuit asserts a single claim for negligent misrepresentation against Defendant. Plaintiff alleges that Defendant's representatives made misrepresentations regarding the loan modification process and the ability to receive such a modification.

Plaintiff's negligent misrepresentation claim is barred by the economic loss rule. The economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 178 (5th Cir. 2016) (quoting *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12-13 (Tex. 2007)). "In operation, the rule restricts contracting parties to contractual remedies for those economic losses associated with the relationship, even when the breach might reasonably be viewed as a consequence of a contracting party's negligence." *Id.* at 12-13. The doctrine applies

3

unless the "duty allegedly breached is independent of the contractual undertaking and the harm suffered is not merely the economic loss of a contractual benefit." *Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014).

Plaintiff's negligent misrepresentation claim is based on Defendant's representations regarding the loan agreement between the parties. Plaintiff has failed to allege any independently recoverable injury outside of economic loss associated with the loan agreement with Defendant. *See Yumilicious*, 819 F.3d at 178 (holding that economic loss rule applied where plaintiff's fraud and negligent misrepresentation claims were tied directly to the franchise agreement and arose solely from the contractual relationship between the parties); *Tyler v. Ocwen Loan Servicing*, 2015 WL 5326195, at *2 (N.D. Tex. July 30, 2015), *report and recommendation adopted*, 2015 WL 5398478 (N.D. Tex. Sept. 14, 2015) (holding that economic loss rule applied to plaintiff's fraud claims where claims were based, in part, on "misleading information in response to her loan modification application"); *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 587 (N.D. Tex. 2013) (finding that home mortgagor's negligent misrepresentation claim against mortgage loan servicer was barred by economic loss rule). Accordingly, the economic loss rule precludes Plaintiff's negligent misrepresentation claim.

Defendant also argues that other relief Plaintiff sought in this lawsuit is now moot. Article III of the Constitution limits federal courts to deciding "Cases" and "Controversies," and "an actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90-91 (2013) (internal quotation marks omitted). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Id.* at 91 (citation omitted). Plaintiff's Complaint sought a

temporary restraining order and injunction to stop Defendant from foreclosing on the Property. Defendant has released the lien on the Property, and no longer claims interest in the Property. *See* Dkt. 9-1. Accordingly, the controversy in this case is now moot.

## IV.  RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant's Motion for Judgment on the Pleadings (Dkt. No. 9) and **DISMISS** Plaintiff's lawsuit in its entirety.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED on September 2, 2019.**

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE